BRODSKY MICKLOW BULL & WEISS LLP
Kurt Micklow, SBN 113974
Edward M. Bull III, SBN 141996
384 Embarcadero West, Suite 200
Oakland, California 94607
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Claimant
JUAN REYNOSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the matter of RIVERVIEW EQUIPMENT ) CASE NO. CV-11-3060 WHA
COMPANY, LLC, as owner, and JERICO )
PRODUCTS, INC., as bareboat charterer, of ) **ORDER GRANTING MOTION TO**
the barge PETER LIND, vessel document ) **STAY LIMITATION ACTION**
number 533413, for exoneration from or ) **AND VACATING HEARING**
limitation of liability. )

_____ )

Claimant JUAN REYNOSO ("Claimant"), having filed his Motion to Stay Limitation Action, the Court having taken the matter under submission without a hearing, and the Court having considered the motion, Claimant's Stipulations in Support of Motion to Stay, and Plaintiffs-in-Limitation Riverview Equipment Company, LLC and Jerico Products, Inc.'s statement of non-opposition to the Motion to Stay, the Court finds good cause exists in favor of the requested stay. IT IS HEREBY ORDERED that Claimant's Motion to Stay Limitation Action is GRANTED.

Pursuant to the authority and discretion vested in this Court, the controlling legal authorities and Claimant's Stipulations in Support of Motion to Stay, IT IS FURTHER ORDERED that:

1. The Order Directing Issuance of Notice And Publication Thereof and
 restraining Order dated June 23, 2011, to the extent it enjoined "the continued

1  prosecution of any and all suits, actions, or proceedings which may already
2  have begun against Plaintiffs-in-Limitation in any court whatsoever to recover
3  damages arising out of, or occasioned by, or consequent upon the alleged
4  incident on or about October 18, 2010, and institution or prosecution of any
5  suits, actions or legal proceedings of any nature description whatsoever in any
6  court whatsoever" is hereby lifted and vacated;

2. Plaintiffs-in-Limitation RIVERVIEW EQUIPMENT COMPANY, LLC, as owner, and JERICO PRODUCTS, INC., as bareboat charterer, of the barge PETER LIND have the right to litigate all issues specifically relating to their attempt at limitation of liability pursuant to the provisions of 46 U.S.C. §§30501 *et seq.* (such as privity and knowledge) in this United States District Court (though Claimant specifically reserves his right to deny and contest in this Court all assertions and allegations made by Plaintiffs-in-Limitation in the Complaint for Exoneration from or Limitation of Liability);

3. Claimant will not seek in any action any judgment or ruling on the issue of Plaintiffs-in-Limitation's right to limitation of liability and has waived any claim of *res judicata* or collateral estoppel relevant to the specific issue of limitation of liability based on any judgment that may be rendered in any such court actions;

4. Claimant has agreed to the $3.2 million valuation of the barge PETER LIND proposed by Plaintiffs-in-Limitation.  This will be the amount of the Limitation Fund.  If there are any judgments or recoveries in Claimant's favor in any court actions totaling in excess of $3.2 million, Claimant shall not seek to enforce said excess judgments or recoveries beyond the Limitation Fund amount of $3.2 million dollars, pending the adjudication of the Complaint for Exoneration from or Limitation of Liability pending in this Court; and

5. This action is hereby stayed in all respects and will remain so stayed until (1) the completion of the trial of the merits of the underlying claim in the forum of

Claimant's choosing or (2) the Court is advised of the resolution of Claimant's claims by settlement or other means. This stay, however, will expire and a status conference will be set if neither of the above circumstances have come to pass within 12 months of this order.

IT IS SO ORDERED. The hearing set for November 17, 2011, at 8 a.m. is hereby **Vacated**.

Dated: November 7, 2011.



William Alsup
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO STAY                              CASE NO. CV-11-3060 WHA